## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID DOMINGUEZ, individually and on
behalf of all others similarly situated,

**No. 23-cv-**

Plaintiff,

v.

BOOKSY, INC.,

Defendant.

## NOTICE OF REMOVAL

Defendant Booksy, Inc. ("Defendant"), by and through its counsel, hereby gives notice of removal of this action from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. In support thereof, Defendant respectfully states as follows:

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.     On December 13, 2022, Plaintiff David Dominguez ("Plaintiff") commenced this putative class action, captioned as *David Dominguez v. Booksy, Inc.*, Case Number 2022-023360-CA-01, against Defendant in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida ("State Court Action").

2.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the operative complaint against Defendant ("Complaint" or "Compl.") in the State Court Action is attached to this Notice as **Exhibit A**, and true and correct copies of all other process, pleadings, and orders purportedly served upon Defendant in the State Court Action are attached to this Notice as **Exhibit B**.

3.     A true and correct copy of the Register of Actions from the State Court Action is attached to this Notice as **Exhibit C**.

4.     Plaintiff purportedly served Defendant with a summons and the Complaint in the State Court Action on or about December 15, 2022. *See* Return of Service filed in the State Court Action, attached hereto as **Exhibit D**. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

### JOINDER

5.     No other defendants have been named in this action, and therefore, no joinder of additional defendants to this removal is necessary.

### RELEVANT ALLEGATIONS

6.     Plaintiff's single-count Complaint seeks relief from Defendant, on behalf of himself and a putative class of similarly situated persons, for allegedly making or causing to be made multiple text messages to Plaintiff and the putative class members from a number that was not capable of receiving inbound telephone calls or messages, and that these calls were sent without his consent, in purported violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. §§ 501.059(8)(a), (b). *See* Compl. ¶¶ 14–23; 30, 38–46.

7.     More specifically, Plaintiff's Complaint alleges, *inter alia*, that (i) Plaintiff received text communications "sporadically since July 1, 2021"; (ii) the exact number of putative class members is unknown, but believed to "excee[d] 100 members"; (iii) the damages in the aggregate for the putative class are in "excess of Thirty Thousand Dollars"; (iv) Defendant knowingly and willfully violated Fla. Stat. § 501.059(8)(a)"; (vi) as a result of these willful and knowing violations, "Plaintiff and the members of the Plaintiff Class are entitled to up to $1,500 in statutory damages against defendant for each" text message sent to them and (vi) "[t]he claims of the named Plaintiff are typical of the claims of all members of the Plaintiff Class." Compl. ¶¶ 9, 14, 31, 42, 43.

8.     The Complaint seeks "damages," "statutory damages," and/or "treble damages" for

Plaintiff and each member of the putative class, injunctive relief, and "any other available legal or equitable remedies." *Id.* ¶¶ 4, 7-9, 32, 43–46, Prayer. The FTSA permits statutory damages in the amount of $500 per violation. Fla. Stat. § 501.059(10)(a). Statutory damages can be trebled under the FTSA for willful or knowing violations, up to $1,500 per violation. Fla. Stat. § 501.059(10)(b).

9.      Defendant disputes all of Plaintiff's allegations, believes the Complaint lacks any merit, and denies Plaintiff or the putative class has/have been harmed in any way or that this case is capable of or appropriate for class treatment. By seeking removal, therefore, Defendant does not waive any arguments with respect to the Complaint or otherwise in this matter. As demonstrated below, however, this Court has jurisdiction over Plaintiff's claim and removal of this action is proper. *See, e.g., McDaniel v. Fifth Third Bank*, 568 F.App'x. 729, 731 (11th Cir. 2014) (accepting Plaintiff's allegations as true for purposes of jurisdictional analysis); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *Baldwin v. Boise Paper Holdings, L.L.C.*, 631 F.App'x 831, 833 (11th Cir. 2015); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper.").

## CAFA JURISDICTION

10.      This Court has jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. § 1332(d)(2) & (5), which together provide, *inter alia*, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant…" and

- 3 -

require that the proposed class must contain at least 100 persons. *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (summarizing CAFA removal requirements); *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1327 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014) (same). As shown below, this case readily meets all of these requirements.

11. <u>First</u>, the State Court Action is a "class action" under 28 U.S.C. § 1332(d)(2), because Plaintiff seeks to represent a class of similarly situated individuals pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3). Compl. ¶¶ 5, 28, 29–36; *see also Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.,* 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule of Civil Procedure 23.").

12. <u>Second</u>, there is minimal diversity between Plaintiff and members of the putative class on the one hand and Defendant on the other. *See, e.g., Dudley v. Eli Lilly and Co*., 778 F.3d 909, 911-12 (11th Cir. 2014) (minimal diversity met for CAFA where "any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant"). In this regard, Plaintiff alleges that (1) the "cause of action accrued in Miami-Dade County, Florida," suggesting that he received the texts at issue while a citizen of (*i.e.*, permanently residing and/or physically present in) Miami, Florida (*see* Compl. ¶ 11); (2) he is the "regular user of the telephone number (786) 380-5083" (*id.* ¶ 12), which is a Florida area code[1]; (3) he seeks to certify a Florida-specific class (*id*. ¶ 30), and (4) Defendant is a "foreign profit corporation" (*id*. ¶ 13). Moreover, Defendant is incorporated in Delaware and maintains its principal place of business in Chicago, Illinois. *See* Declaration of Stefan Batory, attached hereto as **Exhibit E,** at ¶ 6.

13. <u>Third</u>, the plausible class number and amount in controversy exceed the requisite

---

[1] *See* https://en.wikipedia.org/wiki/Area_codes_305_and_786.

minimums under CAFA. *See, e.g., Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements" and may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable."); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met and "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal"); *Fox v. Ritz-Carlton Hotel Co., L.L.C.,* 977 F.3d 1039, 1045 (11th Cir. 2020) ("'If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.'") (quoting *Cappuccitti v. DirecTV, Inc.,* 623 F.3d 1118, 1122 n.8 (11th Cir. 2010)); *Pretka,* 608 F.3d at 755 (courts may consider affidavits, declarations, or other documentation in support of jurisdictional requirements).[2]

   14.   In particular, and as noted above, Plaintiff seeks a minimum of $500 for each

---

[2] Defendant does not concede (and indeed disputes) that Plaintiff or any putative class member is entitled to recover any damages, nor is Defendant required to allege or show that Plaintiff or anyone is actually entitled to (or could) recover damages or has suffered any injury for present purposes. *See, e.g., Gonzalez v. TCR Sports Broad. Holding, LLP,* 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) ("Before the Court now is only the argument that Defendants were required to allege Plaintiff's standing in their notice of removal. That is clearly not what the law requires.") (citing, *inter alia, Dart Cherokee*); *Navtech US Surveyors USSA Inc. v. Boat/Us Inc.,* 2019 WL 3219667, at *2 (M.D. Fla. July 17, 2019) ("Although standing is a jurisdictional issue, it differs from subject matter jurisdiction needed for removal. Original jurisdiction like diversity or federal question jurisdiction governs removal under 28 U.S.C. § 1441…. And § 1441 does not require proof of standing" in order to remove.) (internal citations omitted); *Anderson v. Witco Life Ins.* Co., 943 F.3d 917, 925 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Mangano v. Garden Fresh Rest. Corp.,* 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount."); *Dudley v. Eli Lilly & Co.,* 778 F.3d 909, 913 (11th Cir. 2014) ("'[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' [] Moreover, at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751, 754 (11th Cir. 2010)).

violation, and alleges in his Complaint *inter alia* that: (a) Defendant made or caused to be made multiple text messages to him and in excess of 100 putative class members in purported violation of the FTSA; (b) Defendant "knowingly" violated the FTSA for treble statutory damages purposes; and (c) his claim (that he allegedly received unlawful text messages that were "knowingly" made by or behalf of Defendant) is "typical" of the putative class members' claims. Compl. ¶¶ 14, 31, 33, 42, 43.

15.     Further, the potential number of class members exceeds the CAFA threshold of 100 (*see* 28 U.S.C. § 1332(d)(5)) and the alleged amount in controversy in this case exceeds $5,000,000. *See Roe,* 613 F.3d at 1061-1062; *Williams,* 269 F.3d at 1319; *Fox,* 977 F.3d at 1045. Indeed, since July 1, 2021, available records indicate that at least 3,334 text messages were sent to at least 100 unique phone numbers with Florida area codes. *See* Declaration of Declaration of Stefan Batory, attached hereto as **Exhibit E,** at ¶ 5. Further, as noted above, Plaintiff alleges that (1) Defendant used automated technology to unlawfully place multiple unlawful text communications to him and in excess of 100 putative class members and "knowingly" violated the FTSA. Conservatively estimating that each of the putative class members received more than one violative text message as Plaintiff allegedly did (*i.e.*, that Plaintiff's claims are truly "typical" of the putative class), and that each putative class member would be entitled to up to $1,500 in trebled statutory damages under the FTSA for each of these alleged "knowing" violations, it is plausible that the amount in controversy as alleged in this Complaint exceeds the CAFA minimum threshold (*i.e.*, at least 3,334 "telephonic sales calls", multiplied by $1,500 per text in trebled damages equals **$5,001,000**).

16.     Given the foregoing, all three of the CAFA removal requirements are met in this case and, as such, removal to this Court is proper.

**VENUE**

17.     Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because this action was brought in the Eleventh Judicial Circuit Court in and for Miami-Dade, Florida, which is in the same District as the United States District Court for the Southern District of Florida. Venue is also proper in this District under 28 U.S.C. §1391(b), to the extent that Plaintiff alleges that "the cause of action accrued in Miami-Dade County, Florida." *See* Compl., ¶ 11.

18.     Defendant hereby reserves all rights to assert any available defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as to amend or supplement this Notice of Removal.

**<u>CONCLUSION</u>**

19.     Defendant, having satisfied all requirements for removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice of Removal, requests that the State Court Action be removed to this Court, and requests that the Court assume full jurisdiction over the case herein as provided by law.

WHEREFORE, Defendant hereby respectfully removes this civil action to this Court.

Dated:  January 13, 2023

Respectfully Submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
 Josh A. Migdal, Esq.
 Florida Bar No. 19136
 josh@markmigdal.com
 Yaniv Adar, Esq.
 Florida Bar No. 63804
 yaniv@markmigdal.com
 eservice@markmigdal.com

*Attorneys for BOOKSY, INC.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on January 13, 2023, which served same electronically upon all counsel of record.

/s/  Yaniv Adar
Yaniv Adar

# EXHIBIT A

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

Case No. 2022-023360-CA-01

DAVID DOMINGUEZ, individually and
on behalf of all others similarly situated,

     Plaintiff,

vs.                                           **Class Action**

BOOKSY, INC.,                           **Jury Trial Demand**

     Defendant.

_____/

**CORRECTED CLASS ACTION COMPLAINT**
and
**JURY DEMAND**

     Plaintiff, David Dominguez, individually, and on behalf of all others similarly situated ("Plaintiffs"), brings this class action against Defendant, Booksy, Inc. ("Booksy"), and alleges as follows.

**PRELIMINARY STATEMENT**

     1.     This is a putative class action pursuant to the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"). The FTSA is a consumer protection statute that requires telemarketers, when sending text message advertisements to consumers, to transmit to the consumer's caller identification service a telephone number that is capable of receiving telephone calls and that connects consumers to either the telephone solicitor or the seller on whose behalf the text message advertisement was sent. Fla. Stat. § 501.059(8)(b).

     2.     These protections were critical to the FTSA's passage and ensure that aggressive telemarketers like the Defendant cannot hide behind originating or spoofed

telephone numbers that cannot be called and do not otherwise connect consumers to the telemarketers or the sellers responsible for the advertisements themselves.  Put simply, the Florida Legislature has mandated that when telemarketers send text message advertisements to consumers, they at the very least must transmit to the consumer's caller identification service a telephone number that is capable of receiving telephone calls and that connects consumers to either the telephone solicitor or the seller on whose behalf the text message advertisement was sent.   The importance of these protections is unmistakable and are equally as applicable to text message advertisements that were sent with the recipient's permission or were otherwise permissible under the law.

3.      The FTSA also protects consumers from telemarketers who send them text message advertisements involving an automated system for the selection or dialing of telephone numbers ("Automated") without first obtaining their Prior Express Written Consent ("PEWC").  Fla. Stat. § 501.059(8)(a).

4.      In direct contravention of these protections, however, telemarketers such as the Defendant routinely send text message advertisements to consumers while hiding behind telephone numbers that, when called back, result in no connection between consumer and telemarketer (or seller) whatsoever and send Automated Text Message Advertisements without first obtaining PEWC.   In order to combat this predatory telemarketing behavior, the FTSA authorizes an award of damages whenever a violation occurs and provides a private right of action for statutory damages for each violation.

5.      As such, Plaintiff,  individually and on behalf of a class of persons similarly situated, brings this action against Defendant, alleging that Defendant violated the FTSA when it sent Plaintiff and the putative class text messages for the purpose of soliciting a

sale of consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes ("Text Message Advertisements"), without adhering to these requirements.

6.      Specifically, Defendant sent: (1) Text Message Advertisements that promoted Booksy's services and products ("Booksy Text Message Advertisements") without transmitting to the recipients' caller identification service a telephone number that was capable of receiving telephone calls and that connected to either the telephone solicitor or the Defendant (collectively, the "Booksy Callers"); and (2) Automated Booksy Text Message Advertisements without obtaining Plaintiffs' PEWC.

7.      Plaintiff, individually and on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

8.      Plaintiff, individually and on behalf of a class of persons similarly situated, further seeks injunctive relief to halt Defendant's unlawful conduct, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

9.      This is an action for damages that in the aggregate for the putative class are in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs and attorneys' fees.  Moreover, the Circuit Court has jurisdiction pursuant to Florida Statutes §§ 26.012(2)(c) and 26.012(3), as this action seeks declaratory and injunctive relief pursuant to the FTSA to prevent Defendant from acting in a manner that is unlawful.

10.     This Court has personal jurisdiction over Defendant as it is engaged in solicitation or service activities within this state of Florida, and Defendant's products,

materials, or things processed, serviced, or manufactured by the Defendant are used or consumed within the state of Florida in the ordinary course of commerce, trade, or use.

11.     Venue is proper in this Circuit, because the cause of action accrued in Miami-Dade County, Florida.

## PARTIES

12.     Plaintiff, David Dominguez, is the regular user of the telephone number (786) 380-5083 ("Plaintiff's Cell Phone").

13.     Defendant, Booksy, is registered as a Foreign Profit Corporation, which owns and operates an online platform, Booksy.com, which services people throughout Florida and the rest of the country.

## GENERAL ALLEGATIONS

14.     Plaintiff's Cell Phone has been sent Automated Booksy Text Message Advertisements sporadically since July 1, 2021.

15.     The Automated Booksy Text Message Advertisements are generic, do not include the name of the intended recipient and include stock text.

16.     These Automated Booksy Text Message Advertisements are part of an elaborate text marketing campaign by Defendant that uses various approaches to attempt to drive business to its app and website.

17.     For example, since July 1, 2021, Plaintiff has been sent Automated Booksy Text Message Advertisements, including:



18.     The telephone number for these Automated Booksy Text Message Advertisements, as transmitted to Plaintiff's Cell Phone's caller identification service and shown above, is (507) 229-1933.

19.     Plaintiff called (507) 229-1933 and received an automated message stating that the call could not be completed as dialed.  Plaintiff also attempted to text the Booksy Callers by sending the following text messages: 1) Can I speak to customer service please? Not sure why I am getting these messages; and 2) An agent will work as well.  Plaintiff received no response to either text message.

20.     As such, with each Automated Booksy Text Message Advertisement, Defendant transmitted a telephone number to the caller identification service of Plaintiff and the Plaintiff Class that was not capable of receiving telephone calls and failed to connect consumers, including Plaintiff, to the Booksy Callers, as explicitly required by the FTSA.

21.     Fla. Stat. § 501.059(8)(b) requires any person "who makes a telephonic sales call or causes a telephonic sales call to be made to … transmit … the originating telephone number," or, as a substitution, "the name of the seller on behalf of which a

telephonic sales call is placed and the seller's customer service telephone number, which is answered during regular business hours," to the recipient's caller identification service.

22.     A person violates Fla. Stat. § 501.059(8)(b) when it makes a telephonic sales call or causes a telephonic sales call to be made, and fails to "ensure that [the] telephone number [transmitted to the recipient's caller identification service] is capable of receiving telephone calls and … connect[s] the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a telephonic sales call was placed."

23.     Here, Defendant sent Automated Booksy Text Message Advertisements to Plaintiff and the putative class but failed to transmit to the Plaintiff's and the putative class's caller identification service a telephone number that was capable of receiving telephone calls and that connected the recipients of Defendant's Booksy Text Message Advertisements to either the telephone solicitor or the Defendant itself.

24.     As evidenced by the stock text used in the Automated Booksy Text Message Advertisements, it is clear that they were sent to Plaintiffs using a system that involves an automated system for the selection or dialing of telephone numbers.

25.     Despite using an automated system for the selection or dialing of telephone numbers, Defendant sent the Automated Booksy Text Message Advertisements to Plaintiffs without first obtaining Plaintiffs' PEWC.

26.     In order for Defendant to establish that it received Plaintiffs' PEWC, as defined by the FTSA, Defendant must prove that it obtained a written agreement that satisfies the following strictly construed requirements:

Includes a clear and conspicuous disclosure informing the called party that:

a.   "By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called;

and

b.   He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g)(4).

27.   The FTSA further defines as "telephonic sales call" as:

"Telephonic sales call" means a telephone call, **text message**, or voicemail transmission to a consumer **for the purpose of soliciting a sale of any consumer goods or services**, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes.

Fla. Stat. § 501.059(1)(i) (emphasis added).

28.   As such, Plaintiff, individually and on behalf of a class of persons similarly situated, sues Defendant for its actions that violate the FTSA, which Defendant benefited from, and which arise from the sending of: (1) Booksy Text Message Advertisements to Plaintiff and the putative class without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Booksy Callers; and (2) Automated Booksy Test Message Advertisements without first obtaining Plaintiffs' PEWC.

7

## CLASS REPRESENTATION ALLEGATIONS

29. Plaintiff brings this action as a class action, pursuant to Rule 1.220(a) and 1.220(b)(2) and 1.220(b)(3), Florida Rules of Civil Procedure, for statutory damages on behalf of itself and a class of all persons similarly situated, and injunctive and declaratory relief concerning the class as a whole.

30. Plaintiff brings this class action pursuant to the FTSA, and is a member of and seeks to represent a class of persons ("Plaintiff Class") defined as:

> All persons and entities in Florida whose telephone numbers were sent one or more Booksy Text Message Advertisements, where the telephone number transmitted to the person's or entity's caller identification service was incapable of receiving telephone calls and/or failed to connect to the Booksy Callers.
>
> and/or
>
> All persons and entities in Florida whose telephone numbers were sent Automated Booksy Text Message Advertisements without Defendant having obtained their PEWC.

31. <u>Class Size (Fla. R. Civ. P. 1.220(a)(1))</u>: Plaintiff, upon information and belief, avers that the proposed class exceeds 100 members.  The class size is so numerous that joinder of all members is impracticable and uneconomical.

32. <u>Commonality (Fla. R. Civ. P. 1.220(a)(2))</u>: There are questions of law and fact common to all members of the Plaintiff Class.  Common material questions of fact and law include, but are not limited to, the following:

a. whether Defendant violated Fla. Stat. § 501.059(8)(b) by sending Automated Booksy Text Message Advertisements to Plaintiffs;

b. whether Plaintiffs are entitled to statutory damages;

c. whether Plaintiffs are entitled to treble damages;

    d.   whether Plaintiffs are entitled to a declaration that Defendant violated Fla. Stat. § 501.059(8)(b) by sending Automated Booksy Text Message Advertisements to Plaintiffs; and

    e.   whether Plaintiffs are entitled to an injunction to stop Defendant from continuing to send Automated Booksy Text Message Advertisements to Plaintiffs.

33.    <u>Typicality (Fla. R. Civ. P. 1.220(a)(3))</u>: The claims of the named Plaintiff are typical of the claims of all members of the Plaintiff Class.  Defendant sent Automated Text Message Advertisements to Plaintiffs without transmitting to Plaintiffs' caller identification service a telephone number that was capable of receiving telephone calls and that connected to the Booksy Callers.  Plaintiff raises questions of fact and law common to the Plaintiffs, and Plaintiffs' injuries arise from the same conduct as all members of the Plaintiff Class.  Defendant has acted in the same or in a similar manner with respect to the named Plaintiff and all members of the Plaintiff Class.

34.    <u>Fair and Adequate Representation (Fla. R. Civ. P. 1.220(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff is committed to this cause, will litigate vigorously, and is aware of the fiduciary duties of a class representative.  Plaintiff's interests are consistent with and not antagonistic to the interests of the Plaintiff Class**.**  Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent himself and the Plaintiff Class.

35.    Class counsel is experienced in class action litigation and has successfully litigated class claims under consumer protection and civil rights statutes.

36.     <u>Predominance and Superiority (Fla. R. Civ. P. 1.220(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties.  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.      proof of Plaintiff's claims will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings;

b.      evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of its agents who sent the Automated Booksy Text Message Advertisements) and will not require individualized or separate inquiries or proceedings;

c.      Defendant has acted and may be continuing to act pursuant to common policies or practices by sending the Automated Booksy Text Message Advertisements to Plaintiff and the Plaintiff Class;

d.      the amount likely to be recovered by individual class members does not support individual litigation;

e.      a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f.      this case is inherently manageable as a class action in that:

i.   Defendant or its agent(s) identified the persons or entities to send the Automated Booksy Text Message Advertisements to and it is believed that Defendant's computer and business records, or those of its agents,

10

      will enable the Plaintiff to readily identify class members and establish liability and damages;

ii.   liability and damages can be established for the Plaintiff and for the Plaintiff Class with the same common proofs;

iii.  statutory damages for violations of the FTSA are the same for each class member;

iv.  a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

v.   a class action will contribute to uniformity of decisions concerning Defendant's practices; and

vi.  as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

### Count 1
### Claim for Relief for Violations of the FTSA

37.    Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 36, above.

38.    This is an action by named Plaintiff, David Dominguez, and the Plaintiff Class against Defendant Booksy for violations of the FTSA.

39.    Defendant, Booksy, violated Fla. Stat. § 501.059(8)(b) by sending Booksy Text Message Advertisements to Plaintiffs without transmitting to Plaintiffs' caller identification service a telephone number that was capable of receiving telephone calls and that connected to the Booksy Callers.

40.    Defendant, Booksy, knowingly and willfully violated Fla. Stat. § 501.059(8)(b).

41.     Defendant, Booksy, violated Fla. Stat. § 501.059(8)(a) by sending Automated Booksy Text Message Advertisements to Plaintiffs without obtaining Plaintiffs' PEWC.

42.     Defendant, Booksy, knowingly and willfully violated Fla. Stat. § 501.059(8)(a).

43.     The named Plaintiff and the members of the Plaintiff Class are entitled to up to $1,500 in statutory damages against Defendant for each Booksy Text Message Advertisement and/or Automated Booksy Text Message Advertisement that was sent to them.

44.     The named Plaintiff and the members of the Plaintiff Class are entitled to a declaration that Defendant's actions, as set out above, violate the FTSA.

45.     The named Plaintiff and the members of the Plaintiff Class are entitled to an injunction requiring Defendant to cease sending them Booksy Text Message Advertisements without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Booksy Callers, and to otherwise protect the interests of the Class.

46.     The named Plaintiff and the members of the Plaintiff Class are entitled to an injunction requiring Defendant to cease the sending of all Automated Booksy Text Message Advertisements to Plaintiffs' cell phones involving an automated system for the selection or dialing of telephone numbers without first obtaining Plaintiffs' PEWC, and to otherwise protect the interests of the Class.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, Booksy, and requests an order:

A.  certifying this action as a class action pursuant to Rule 1.220, appointing Plaintiff, David Dominguez, as the representative of the class, and appointing Plaintiff's undersigned counsel as counsel for the Plaintiff Class;

B.  finding that Defendant, Booksy, sent Booksy Text Message Advertisements to Plaintiff and the Plaintiff Class without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Booksy Callers, in violation of Fla. Stat. § 501.059(8)(b);

C.  finding that Defendant, Booksy, sent Automated Booksy Text Message Advertisements to the Plaintiff Class without obtaining their PEWC in violation of Fla. Stat. § 501.059(8)(a);

D.  finding that Defendant, Booksy is liable to pay statutory damages of up to $1,500 for each Booksy Text Message Advertisement that was sent to Plaintiffs without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Booksy Callers;

E.  finding that Defendant, Booksy, is liable to pay statutory damages of up to $1,500 for each Automated Booksy Text Message Advertisement that was sent to Plaintiffs without obtaining their PEWC;

F.  declaring that Defendant's actions, as set out above, violate the FTSA;

G.  entering an injunction requiring Defendant to cease the sending of all Booksy Text Message Advertisements to Plaintiffs without transmitting to the recipients' caller identification service a telephone number that is

capable of receiving telephone calls and that connects to the Booksy Callers, and to otherwise protect the interests of the Class;

H. entering an injunction requiring Defendant to cease the sending of all Booksy Text Message Advertisements to Plaintiffs involving an automated system for the selection or dialing of telephone numbers without first obtaining their PEWC, and to otherwise protect the interests of the Class;

I. entering a judgment in favor of the Class Representative for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

J. requiring Defendant Booksy to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the Plaintiffs after deducting costs and fees as determined by the Court;

K. awarding reasonable attorneys' fees, and reimbursing the costs advanced for Plaintiffs;

L. granting an incentive bonus to Plaintiff for his efforts as Class Representative; and

M. granting further and other relief as may be appropriate.

## <u>JURY DEMAND</u>

Plaintiff and the Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.

Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698
(202) 709-5744
(866) 893-0416 (Fax)
Attorneys for the Plaintiff

By:  _s/ Shawn A. Heller_____
      Shawn A. Heller, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was furnished by Electronic Mail via the

Florida Courts E-filing Portal, as authorized by Fla. R. Jud. Admin. 2.516 on this 15th day

of December, 2022.

By:  _s/ Shawn A. Heller_____
      Shawn A. Heller, Esq.

# EXHIBIT B

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

| | |
|---|---|

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>DAVID DOMINGUEZ</u>
Plaintiff

Case # _____

Judge _____

vs.
<u>BOOKSY, INC.</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>1</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Shawn Heller</u>          Fla. Bar # <u>46346</u>
      Attorney or party               (Bar # if attorney)

<u>Shawn Heller</u>            <u>12/09/2022</u>
  (type or print name)           Date

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.

DAVID DOMINGUEZ, individually and
on behalf of all others similarly situated,

     Plaintiff,

vs.                                                **Class Action**

BOOKSY, INC.,                                **Jury Trial Demand**

     Defendant.

_____/

## CLASS ACTION COMPLAINT
and
## JURY DEMAND

Plaintiff, David Dominguez, individually, and on behalf of all others similarly situated ("Plaintiffs"), brings this class action against Defendant, Booksy, Inc. ("Booksy"), and alleges as follows.

## PRELIMINARY STATEMENT

1.     This is a putative class action pursuant to the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"). The FTSA is a consumer protection statute that requires telemarketers, when sending text message advertisements to consumers, to transmit to the consumer's caller identification service a telephone number that is capable of receiving telephone calls and that connects consumers to either the telephone solicitor or the seller on whose behalf the text message advertisement was sent. Fla. Stat. § 501.059(8)(b).

2.     These protections were critical to the FTSA's passage and ensure that aggressive telemarketers like the Defendant cannot hide behind originating or spoofed

telephone numbers that cannot be called and do not otherwise connect consumers to the telemarketers or the sellers responsible for the advertisements themselves. Put simply, the Florida Legislature has mandated that when telemarketers send text message advertisements to consumers, they at the very least must transmit to the consumer's caller identification service a telephone number that is capable of receiving telephone calls and that connects consumers to either the telephone solicitor or the seller on whose behalf the text message advertisement was sent. The importance of these protections is unmistakable and are equally as applicable to text message advertisements that were sent with the recipient's permission or were otherwise permissible under the law.

3.      The FTSA also protects consumers from telemarketers who send them text message advertisements involving an automated system for the selection or dialing of telephone numbers ("Automated") without first obtaining their Prior Express Written Consent ("PEWC"). Fla. Stat. § 501.059(8)(a).

4.      In direct contravention of these protections, however, telemarketers such as the Defendant routinely send text message advertisements to consumers while hiding behind telephone numbers that, when called back, result in no connection between consumer and telemarketer (or seller) whatsoever and send Automated Text Message Advertisements without first obtaining PEWC. In order to combat this predatory telemarketing behavior, the FTSA authorizes an award of damages whenever a violation occurs and provides a private right of action for statutory damages for each violation.

5.      As such, Plaintiff, individually and on behalf of a class of persons similarly situated, brings this action against Defendant, alleging that Defendant violated the FTSA when it sent Plaintiff and the putative class text messages for the purpose of soliciting a

sale of consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes ("Text Message Advertisements"), without adhering to these requirements.

6.      Specifically, Defendant sent: (1) Text Message Advertisements that promoted Booksy's services and products ("Booksy Text Message Advertisements") without transmitting to the recipients' caller identification service a telephone number that was capable of receiving telephone calls and that connected to either the telephone solicitor or the Defendant (collectively, the "Booksy Callers"); and (2) Automated Booksy Text Message Advertisements without obtaining Plaintiffs' PEWC.

7.      Plaintiff, individually and on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

8.      Plaintiff, individually and on behalf of a class of persons similarly situated, further seeks injunctive relief to halt Defendant's unlawful conduct, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

9.      This is an action for damages that in the aggregate for the putative class are in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs and attorneys' fees.  Moreover, the Circuit Court has jurisdiction pursuant to Florida Statutes §§ 26.012(2)(c) and 26.012(3), as this action seeks declaratory and injunctive relief pursuant to the FTSA to prevent Defendant from acting in a manner that is unlawful.

10.     This Court has personal jurisdiction over Defendant as it is engaged in solicitation or service activities within this state of Florida, and Defendant's products,

3

materials, or things processed, serviced, or manufactured by the Defendant are used or consumed within the state of Florida in the ordinary course of commerce, trade, or use.

11.     Venue is proper in this Circuit, because the cause of action accrued in Miami-Dade County, Florida.

## PARTIES

12.     Plaintiff, David Dominguez, is the regular user of the telephone number (786) 380-5083 ("Plaintiff's Cell Phone").

13.     Defendant, Booksy, is registered as a Foreign Profit Corporation, which owns and operates an online platform, Booksy.com, which services people throughout Florida and the rest of the country.

## GENERAL ALLEGATIONS

14.     Plaintiff's Cell Phone has been sent Automated Booksy Text Message Advertisements sporadically since July 1, 2021.

15.     The Automated Booksy Text Message Advertisements are generic, do not include the name of the intended recipient and include stock text.

16.     These Automated Booksy Text Message Advertisements are part of an elaborate text marketing campaign by Defendant that uses various approaches to attempt to drive business to its app and website.

17.     For example, since July 1, 2021, Plaintiff has been sent Automated Booksy Text Message Advertisements, including:



18.     The telephone number for these Automated Booksy Text Message Advertisements, as transmitted to Plaintiff's Cell Phone's caller identification service and shown above, is (507) 229-1933.

19.     Plaintiff called (507) 229-1933 and received an automated message stating that the call could not be completed as dialed.  Plaintiff also attempted to text the Booksy Callers by sending the following text messages: 1) Can I speak to customer service please? Not sure why I am getting these messages; and 2) An agent will work as well.  Plaintiff received no response to either text message.

20.     As such, with each Automated Booksy Text Message Advertisement, Defendant transmitted a telephone number to the caller identification service of Plaintiff and the Plaintiff Class that was not capable of receiving telephone calls and failed to connect consumers, including Plaintiff, to the Booksy Callers, as explicitly required by the FTSA.

21.     Fla. Stat. § 501.059(8)(b) requires any person "who makes a telephonic sales call or causes a telephonic sales call to be made to … transmit … the originating telephone number," or, as a substitution, "the name of the seller on behalf of which a

5

telephonic sales call is placed and the seller's customer service telephone number, which is answered during regular business hours," to the recipient's caller identification service.

22.     A person violates Fla. Stat. § 501.059(8)(b) when it makes a telephonic sales call or causes a telephonic sales call to be made, and fails to "ensure that [the] telephone number [transmitted to the recipient's caller identification service] is capable of receiving telephone calls and … connect[s] the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a telephonic sales call was placed."

23.     Here, Defendant sent Automated Booksy Text Message Advertisements to Plaintiff and the putative class but failed to transmit to the Plaintiff's and the putative class's caller identification service a telephone number that was capable of receiving telephone calls and that connected the recipients of Defendant's Booksy Text Message Advertisements to either the telephone solicitor or the Defendant itself.

24.     As evidenced by the stock text used in the Automated Booksy Text Message Advertisements, it is clear that they were sent to Plaintiffs using a system that involves an automated system for the selection or dialing of telephone numbers.

25.     Despite using an automated system for the selection or dialing of telephone numbers, Defendant sent the Automated Booksy Text Message Advertisements to Plaintiffs without first obtaining Plaintiffs' PEWC.

26.     In order for Defendant to establish that it received Plaintiffs' PEWC, as defined by the FTSA, Defendant must prove that it obtained a written agreement that satisfies the following strictly construed requirements:

Includes a clear and conspicuous disclosure informing the called party that:

    a.  "By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called;

      and

    b.   He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g)(4).

    27.    The FTSA further defines as "telephonic sales call" as:

"Telephonic sales call" means a telephone call, **text message**, or voicemail transmission to a consumer **for the purpose of soliciting a sale of any consumer goods or services**, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes.

Fla. Stat. § 501.059(1)(i) (emphasis added).

    28.    As such, Plaintiff, individually and on behalf of a class of persons similarly situated, sues Defendant for its actions that violate the FTSA, which Defendant benefited from, and which arise from the sending of: (1) Booksy Text Message Advertisements to Plaintiff and the putative class without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Booksy Callers; and (2) Automated Booksy Test Message Advertisements without first obtaining Plaintiffs' PEWC.

## CLASS REPRESENTATION ALLEGATIONS

29.     Plaintiff brings this action as a class action, pursuant to Rule 1.220(a) and 1.220(b)(2) and 1.220(b)(3), Florida Rules of Civil Procedure, for statutory damages on behalf of itself and a class of all persons similarly situated, and injunctive and declaratory relief concerning the class as a whole.

30.     Plaintiff brings this class action pursuant to the FTSA, and is a member of and seeks to represent a class of persons ("Plaintiff Class") defined as:

> All persons and entities whose telephone numbers were sent one or more Booksy Text Message Advertisements, where the telephone number transmitted to the person's or entity's caller identification service was incapable of receiving telephone calls and/or failed to connect to the Booksy Callers.
>
> and/or
>
> All persons and entities whose telephone numbers were sent Automated Booksy Text Message Advertisements without Defendant having obtained their PEWC.

31.     Class Size (Fla. R. Civ. P. 1.220(a)(1)): Plaintiff, upon information and belief, avers that the proposed class exceeds 100 members.  The class size is so numerous that joinder of all members is impracticable and uneconomical.

32.     Commonality (Fla. R. Civ. P. 1.220(a)(2)): There are questions of law and fact common to all members of the Plaintiff Class.  Common material questions of fact and law include, but are not limited to, the following:

a.   whether Defendant violated Fla. Stat. § 501.059(8)(b) by sending Automated Booksy Text Message Advertisements to Plaintiffs;

b.   whether Plaintiffs are entitled to statutory damages;

c.   whether Plaintiffs are entitled to treble damages;

    d.   whether Plaintiffs are entitled to a declaration that Defendant violated Fla. Stat. § 501.059(8)(b) by sending Automated Booksy Text Message Advertisements to Plaintiffs; and

    e.   whether Plaintiffs are entitled to an injunction to stop Defendant from continuing to send Automated Booksy Text Message Advertisements to Plaintiffs.

33.    <u>Typicality (Fla. R. Civ. P. 1.220(a)(3))</u>: The claims of the named Plaintiff are typical of the claims of all members of the Plaintiff Class.  Defendant sent Automated Text Message Advertisements to Plaintiffs without transmitting to Plaintiffs' caller identification service a telephone number that was capable of receiving telephone calls and that connected to the Booksy Callers.  Plaintiff raises questions of fact and law common to the Plaintiffs, and Plaintiffs' injuries arise from the same conduct as all members of the Plaintiff Class.  Defendant has acted in the same or in a similar manner with respect to the named Plaintiff and all members of the Plaintiff Class.

34.    <u>Fair and Adequate Representation (Fla. R. Civ. P. 1.220(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff is committed to this cause, will litigate vigorously, and is aware of the fiduciary duties of a class representative.  Plaintiff's interests are consistent with and not antagonistic to the interests of the Plaintiff Class**.**  Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent himself and the Plaintiff Class.

35.    Class counsel is experienced in class action litigation and has successfully litigated class claims under consumer protection and civil rights statutes.

36.    <u>Predominance and Superiority (Fla. R. Civ. P. 1.220(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties.  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.    proof of Plaintiff's claims will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings;

b.    evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of its agents who sent the Automated Booksy Text Message Advertisements) and will not require individualized or separate inquiries or proceedings;

c.    Defendant has acted and may be continuing to act pursuant to common policies or practices by sending the Automated Booksy Text Message Advertisements to Plaintiff and the Plaintiff Class;

d.    the amount likely to be recovered by individual class members does not support individual litigation;

e.    a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f.    this case is inherently manageable as a class action in that:

i.    Defendant or its agent(s) identified the persons or entities to send the Automated Booksy Text Message Advertisements to and it is believed that Defendant's computer and business records, or those of its agents,

10

will enable the Plaintiff to readily identify class members and establish liability and damages;

ii.   liability and damages can be established for the Plaintiff and for the Plaintiff Class with the same common proofs;

iii.  statutory damages for violations of the FTSA are the same for each class member;

iv.  a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

v.   a class action will contribute to uniformity of decisions concerning Defendant's practices; and

vi.  as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

**<u>Count 1</u>**
**<u>Claim for Relief for Violations of the FTSA</u>**

37.   Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 36, above.

38.   This is an action by named Plaintiff, David Dominguez, and the Plaintiff Class against Defendant Booksy for violations of the FTSA.

39.   Defendant, Booksy, violated Fla. Stat. § 501.059(8)(b) by sending Booksy Text Message Advertisements to Plaintiffs without transmitting to Plaintiffs' caller identification service a telephone number that was capable of receiving telephone calls and that connected to the Booksy Callers.

40.   Defendant, Booksy, knowingly and willfully violated Fla. Stat. § 501.059(8)(b).

41.     Defendant, Booksy, violated Fla. Stat. § 501.059(8)(a) by sending Automated Booksy Text Message Advertisements to Plaintiffs without obtaining Plaintiffs' PEWC.

42.     Defendant, Booksy, knowingly and willfully violated Fla. Stat. § 501.059(8)(a).

43.     The named Plaintiff and the members of the Plaintiff Class are entitled to up to $1,500 in statutory damages against Defendant for each Booksy Text Message Advertisement and/or Automated Booksy Text Message Advertisement that was sent to them.

44.     The named Plaintiff and the members of the Plaintiff Class are entitled to a declaration that Defendant's actions, as set out above, violate the FTSA.

45.     The named Plaintiff and the members of the Plaintiff Class are entitled to an injunction requiring Defendant to cease sending them Booksy Text Message Advertisements without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Booksy Callers, and to otherwise protect the interests of the Class.

46.     The named Plaintiff and the members of the Plaintiff Class are entitled to an injunction requiring Defendant to cease the sending of all Automated Booksy Text Message Advertisements to Plaintiffs' cell phones involving an automated system for the selection or dialing of telephone numbers without first obtaining Plaintiffs' PEWC, and to otherwise protect the interests of the Class.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, Booksy, and requests an order:

A. certifying this action as a class action pursuant to Rule 1.220, appointing Plaintiff, David Dominguez, as the representative of the class, and appointing Plaintiff's undersigned counsel as counsel for the Plaintiff Class;

B. finding that Defendant, Booksy, sent Booksy Text Message Advertisements to Plaintiff and the Plaintiff Class without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Booksy Callers, in violation of Fla. Stat. § 501.059(8)(b);

C. finding that Defendant, Booksy, sent Automated Booksy Text Message Advertisements to the Plaintiff Class without obtaining their PEWC in violation of Fla. Stat. § 501.059(8)(a);

D. finding that Defendant, Booksy is liable to pay statutory damages of up to $1,500 for each Booksy Text Message Advertisement that was sent to Plaintiffs without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Booksy Callers;

E. finding that Defendant, Booksy, is liable to pay statutory damages of up to $1,500 for each Automated Booksy Text Message Advertisement that was sent to Plaintiffs without obtaining their PEWC;

F. declaring that Defendant's actions, as set out above, violate the FTSA;

G. entering an injunction requiring Defendant to cease the sending of all Booksy Text Message Advertisements to Plaintiffs without transmitting to the recipients' caller identification service a telephone number that is

13

capable of receiving telephone calls and that connects to the Booksy Callers, and to otherwise protect the interests of the Class;

H.  entering an injunction requiring Defendant to cease the sending of all Booksy Text Message Advertisements to Plaintiffs involving an automated system for the selection or dialing of telephone numbers without first obtaining their PEWC, and to otherwise protect the interests of the Class;

I.  entering a judgment in favor of the Class Representative for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

J.  requiring Defendant Booksy to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the Plaintiffs after deducting costs and fees as determined by the Court;

K.  awarding reasonable attorneys' fees, and reimbursing the costs advanced for Plaintiffs;

L.  granting an incentive bonus to Plaintiff for his efforts as Class Representative; and

M.  granting further and other relief as may be appropriate.

## **JURY DEMAND**

Plaintiff and the Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.

14

Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698
(202) 709-5744
(866) 893-0416 (Fax)
Attorneys for the Plaintiff

By:   *s/ Shawn A. Heller*
          Shawn A. Heller, Esq.

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No. 2022-023360-CA-01

DAVID DOMINGUEZ, individually and
on behalf of all others similarly situated,

      Plaintiff,

vs.                                                                                        **Class Action**

BOOKSY, INC.,                                                              **Jury Trial Demand**

      Defendant.

_____/

## <u>CIVIL ACTION SUMMONS</u>

THE STATE OF FLORIDA:

To Each Sheriff of Said State (or selected Process Server):

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

        **BOOKSY, INC.**
        **C/O Stan Lewandowski (RA)**
        **2550 Hanover Street**
        **Palo Alto, California 94304**

      Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, whose address is:

        Joshua A. Glickman, Esq., josh@sjlawcollective.com
        Shawn A. Heller, Esq., shawn@sjlawcollective.com
        Social Justice Law Collective, PL
        974 Howard Ave.
        Dunedin, FL 34698

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

      DATED on __12/14/2022_____, 2022.

2022-023360-CA-01

Clerk of the Circuit Court

Harvey Ruvin,
Clerk of Courts

By:_____
As Deputy Clerk
(Court Seal)

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2022-023360-CA-01

DAVID DOMINGUEZ, individually and
on behalf of all others similarly situated,

       Plaintiff,

v.

BOOKSY, INC.,

       Defendant.

_____/

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S CORRECTED CLASS ACTION COMPLAINT AND JURY DEMAND

Defendant Booksy, Inc. ("Defendant"),[1] by and through its undersigned counsel, hereby moves this Court for an extension of the deadline to file a response to Plaintiff David Dominguez's ("Plaintiff") Corrected Class Action Complaint and Jury Demand (the "Complaint"), and states as follows:

1. Defendant is in the process of retaining the undersigned counsel and is in need of additional time to prepare a response to the Complaint. Accordingly, Defendant requests an extension through and including February 3, 2023, to prepare and submit such a response.

2. This motion is made in good faith and not for the purpose of delay. No party to this action will be unduly prejudiced by the granting of the requested extension of time.

---

[1] Defendant reserves all rights including, but not limited to, the right to compel arbitration, remove this action to federal court, and to assert the defenses of lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, lack of standing, failure to state a claim upon which relief can be granted, and any other defenses to the purported claims alleged in Plaintiff's Class Action Complaint.

WHEREFORE, Defendant Booksy, Inc., respectfully requests that the Court enter an order granting this Motion for Extension of Time to File Response to Plaintiff's Corrected Class Action Complaint and Jury Demand, extending the deadline for Defendant's response to the Corrected Class Action Complaint through and including February 3, 2023, and granting such other relief as the Court deems just and proper.

DATED:  January 3, 2023                    Respectfully submitted,

                                           **MARK MIGDAL & HAYDEN**
                                           80 S.W. 8th Street, Suite 1999
                                           Miami, Florida 33130
                                           Telephone: 305-374-0440

                                           By: _s/ Yaniv Adar_
                                               Yaniv Adar, Esq.
                                               Florida Bar No. 63804
                                               Josh A. Migdal, Esq.
                                               Florida Bar No. 19136
                                               josh@markmigdal.com
                                               yaniv@markmigdal.com
                                               eservice@markmigdal.com


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2023, a copy of the foregoing was electronically filed through the Florida Courts E-Filing Portal which will send electronic notification of the above filing to all registered users.

                                           _s/ Yaniv Adar_
                                             Yaniv Adar, Esq.

# EXHIBIT C



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## LUIS G. MONTALDO, CLERK AD INTERIM

Contact Us     My Account     

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

### DAVID DOMINGUEZ VS BOOKSY, INC.

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2022-023360-CA-01 | **Filing Date:** | 12/09/2022 |
| **State Case Number:** | 132022CA023360000001 | **Judicial Section:** | CA09 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Other Civil Complaint |
| **Case Status:** | OPEN | | |

### ☰ Related Cases
Total Of Related Cases: 0  ➕

### 👥 Parties
Total Of Parties: 2  ➕

### 🔧 Hearing Details
Total Of Hearings: 0  ➕

### 🔊 Dockets
Total Of Dockets: 9  ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 9 | 01/03/2023 | | Motion for Extension of Time | Event | |
| 📄 | 8 | 12/15/2022 | | Amended Complaint | Event | |
| | | 12/14/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 7 | 12/14/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.** Parties: BOOKSY INC. |
| | 6 | 12/14/2022 | | Receipt: | Event | **RECEIPT#:3080276 AMT PAID:$10.00 NAME:HELLER, SHAWN ALEX 434 SKINNER BLVD APT 206 DUNEDIN FL 34698-4901 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:12/14/2022 REGISTER#:308 CASHIER:EFILINGUSER** |
| 📄 | 5 | 12/13/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 12/13/2022 | | Receipt: | Event | **RECEIPT#:3140136 AMT PAID:$401.00 NAME:HELLER, SHAWN ALEX 434 SKINNER BLVD APT 206 DUNEDIN FL 34698-4901 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:12/13/2022 REGISTER#:314 CASHIER:EFILINGUSER** |

1/13/23, 10:58 AM

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 2 | 12/09/2022 | | Complaint | Event | |
| 1 | 12/09/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



Luis G. Montaldo
**Clerk Ad Interim**

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2023 Clerk of the Courts. All rights reserved.



# EXHIBIT D



**SJLC**

SOCIAL | JUSTICE | LAW | COLLECTIVE

974 Howard Ave.
Dunedin, FL 34698
202.709.5744 •Fax 866.893.0416

6709 W. 119th St., #198
Overland Park, KS 66209
913.213.3064•Fax 866.893.0416

December 15, 2022

**Served via Process Server with the Complaint and Summons**
Booksy, Inc.
C/O Stan Lewandowski (RA)
2550 Hanover Street
Palo Alto, California 94304

Re:   *Dominguez, et al. v. Booksy, Inc.*
Circuit Court of the Eleventh Judicial Circuit in and for
Miami-Dade County, Florida, Case No. 2022-023360-CA-01

Dear Stan:

Please consider this letter formal notification that there is pending litigation against Booksy, Inc. ("Defendant"), which has been filed in Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("the Claim"). The class action complaint alleges that Defendant sent text message advertisements in violation of the Florida Telephone Solicitation Act. You or your agents or business partners may have in your possession, custody, or control recordings, documents, information, and electronically or digitally stored information relevant to the Claim. In addition, you and/or your agents and business partners may have knowledge of facts relevant to the Claim.

You are under a legal duty to preserve, retain and protect all possibly relevant evidence, including, but not limited to, any and all documents, including, but not limited to, electronic data, whether preserved or deleted, that contain the names, identities and/or phone numbers that you or an agent may have used to send any and all Booksy Text Message Advertisements, as defined within the Complaint to **any and all persons and/or entities**; any and all documents wherein you authorized any third party to send Booksy Text Advertisements on Defendant's behalf; any and all documents that contain information as to the number of Booksy Text Advertisements sent by or on behalf of Defendant that were transmitted on or after July 1, 2021; any and all documents which might identify the names, identities and/or phone numbers of **all** intended recipients of the text messages that fit the definition of a Booksy Text Advertisements; and all other documents relevant to the Claim. The failure to preserve and retain the electronic data outlined in this notice constitutes spoliation of evidence and will subject you to legal claims for damages and/or evidentiary and monetary sanctions.

For purposes of this notice, "electronic data" or "electronic evidence" shall include, but not be limited to, whether preserved or deleted, all data, text files (including word processing documents), presentation files (such as Power Point), spread sheets, e-mail files and information concerning e-mail files (including logs of e-mail history and usage header information, and deleted files), internet history files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, incident reports, computer system activity logs, and all file fragments and backup files containing electronic data.

Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any evidence relevant to the Claim, and you are further instructed to take reasonable efforts to preserve such data. To meet this burden, you are instructed by way of example, and not limitation to:

- preserve all video and audio recordings (i.e., not erase or destroy any analog or digital recordings);

- preserve all deleted data;

- preserve all data storage backup files (i.e., not overwrite any previously existing backups);

- preserve and retain all electronic data generated or received by employees who may have personal knowledge of the facts involved in the Claim;

- preserve the data contained on external drives and media attached thereto that are reasonably thought to have data related to the Claim;

- preserve and retain all electronic data in any format, media or location relating to the Claim, including data on USB drives, floppy disks, Zip disks, CD-ROMs, CD-RWs, tape, PDAs, cell phones, memory cards/sticks, and/or digital copiers;

- prevent employees from deleting and/or overwriting any electronic data related to the Claim; and

- take such other security measures, including but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly related to the Claim.

Please do not hesitate to contact me if you have any questions regarding the above. Thank you for your anticipated cooperation.

Sincerely,

Shawn Heller

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| DAVID DOMINGUEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BOOKSY, INC.,<br><br>    Defendant. | No. 2022-023360-CA-01 |

## DECLARATION OF STEFAN BATORY

I, STEFAN BATORY, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am over 18 years of age, have personal knowledge of the facts stated herein, and could and would competently testify to said facts if required.

2.      I am the President, CEO, and Secretary for Booksy, Inc. ("Booksy").  I have held this position since June 15, 2018.

3.      In my current professional capacity for Booksy, I am familiar with and have knowledge of Booksy's business records and records-keeping policies pertaining to outbound marketing communications (including text messages) and Booksy's customer records, including but not limited to the methods by which Booksy maintains all of its books and records, including its computer records.  These

DocuSign Envelope ID: 203E4668-E80A-426C-8EE2-61B644B8B842

records are maintained by Booksy in the ordinary course of business and are made at or near the time the events they purport to describe occurred by a person with knowledge of said events, and are recorded by computer or other digital means.  I regularly perform searches of said records, which are accessible to me, as part of my job.

4.     The aforementioned business records were searched by me and / or by authorized persons acting at my direction in preparation for this declaration.  Also in preparation for this declaration, I have reviewed the Complaint filed by the Plaintiff, David Dominguez, in the above-captioned matter ("Action") and am familiar with the allegations stated therein.

5.     Based on my review of Booksy's business records and the Complaint, at least 3,334 text messages were sent to at least 100 unique phone numbers with Florida area codes since July 1, 2021.

6.     I am also familiar with and have personal knowledge of Booksy's corporate structure. Booksy is incorporated in Delaware and maintains its principal place of business in Chicago, Illinois.

7.     This declaration should not be construed as an admission regarding any allegation in the Complaint or of wrongdoing by Booksy in this Action or any other, or a concession that Booksy is subject to personal jurisdiction in this forum.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 13, 2023. I'm located in Miami, Florida.

By: _____
    Stefan Batory